**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| JOSHUA APEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:19-CV-54 PLC |
| | ) |
| PIKE COUNTY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Joshua Apel, a Missouri prison inmate, brings this action pursuant to 42 U.S.C. § 1983 seeking monetary relief for injuries he sustained in a fall while descending courthouse stairs in shackles. [ECF No. 66] Defendants Pike County, Missouri, Sheriff Stephen Korte, and Christopher Wiler (collectively, "Defendants") move for summary judgment on Apel's Section 1983 action. [ECF No. 70] Apel opposes the motion. [ECF No. 77]

**I.   Background**

On May 9, 2018, Apel was a convicted prisoner temporarily "held in the care of Defendant Pike County in the Pike County Jail which [was] operated by the Pike County Sheriff's Department." [ECF No. 66 at ¶ 7; see also ECF No. 71 at ¶ 1]  On that day, Defendant Wiler, then an employee of Defendant County, escorted Apel, who was shackled, along with several other shackled inmates and/or prisoners, to and from a courtroom on an upper level of the Pike County Courthouse. [ECF Nos. 66 at ¶ 10; 71 at ¶¶ 2-3, 10, 12]  Apel's shackles included handcuffs connected in front of his body to a waist chain and a chain, approximately eighteen inches in length, connecting his ankles. [ECF No. 71 at 4]  When

descending the stairs after Apel's hearing, Apel fell and hit his head. [Id. at ¶ 12; ECF No. 79 at ¶ 10] Defendant Wiler was "several feet" behind Apel when he fell. [ECF No. 79 at ¶ 6]

After Apel's fall, Defendant Wiler observed a "small scrape" on Apel's head and "slightly later noticed … a small bump or knot." [ECF No. 71 at ¶ 16; see also ECF No. 71-3 at 41] Defendant Wiler walked with Apel to the transport van, which carried Apel and the other prisoners and/or inmates to the Pike County Jail. [ECF No. 71 at ¶ 17] When they arrived at the jail, Defendant Wiler checked Apel's vital signs and documented his complaints, and Apel asked to see a doctor. [Id. at ¶¶ 18-19, 21] Defendant Wiler called the "jail doctor (Dr. Weaver)" and told him "everything he observed and that Mr. Apel told him[.]" [Id. at ¶ 19] Dr. Weaver informed Defendant Wiler "there was no cause for concern, and that Mr. Apel could have Tylenol and ice if he wanted." [Id. at ¶ 20] At 5:15 a.m. the next morning, Apel returned to the Missouri Department of Corrections facility where he was housed. [Id. at ¶ 22]

Apel filed a pro se petition against Defendants County and Korte, along with several other defendants, in their individual and official capacities, in the Circuit Court of Pike County, Missouri.[1] [ECF No. 4] Two of the original defendants removed the case to federal court, with Defendants' consent, on the ground of federal question jurisdiction pursuant to 28 U.S.C. § 1331. [ECF Nos. 1, 1-3]

Apel filed a first amended complaint through counsel against Defendants County and Korte, and he added Defendant Wiler. [ECF No. 66] In the first amended complaint, Apel did not specify the capacities in which he was suing Defendants Wiler and Korte. [Id.] Apel alleged

---

[1] Apel's original pro se complaint also named as defendants: Missouri Department of Corrections; Anne Precythe; "Unknown Missouri Department of Corrections Officers"; Pike County Sheriff's Office; "Unknown Pike County, Missouri Sheriff's Office Officers; Pike County Commissioner, Chris Gamm; Bill Harris; Amy Neele; and Corizon Health, Inc. [ECF No. 4] Plaintiff voluntarily dismissed these defendants. [ECF Nos. 18, 30, 32, 64]

2

generally that Defendants violated his constitutional rights when they either caused or allowed him to fall on the courthouse stairs and failed to provide immediate medical care.  [Id.] Specifically, Apel claimed:  (1) Defendant County was liable under Section 1983 for unconstitutional procedures violating the Fourth, Eighth, and Fourteenth Amendments (Count I) and for deliberate indifference to Apel's serious medical needs (Count VI); Defendant Wiler was liable for "breach of his ministerial duty"[2] (Count II), violations of Apel's Fourth and Eighth Amendment rights (Count III), and "willful and wanton" conduct (Count IV); and Defendant Korte was liable under Section 1983 for violating Apel's rights under the Fourth, Eighth, and Fourteenth Amendments (Count V).  [ECF No. 66]  Apel alleged that, as a result of Defendants' acts and omissions, he "endured agonizing physical pain and discomfort and mental and emotional suffering, including seizures, headaches, back and neck pain, numbness in fingers, visual problems, and left leg numbness."  [Id. at ¶ 30]

Defendants deny the allegations and move for summary judgment arguing that:  (1) inadequate evidence exists to establish Defendants' "liability under Monell jurisprudence as to any alleged violation of the U.S. Constitution, or [their] liability as to any state law claim"; and (2) the challenged actions and  procedures "do not rise to the level of a violation of the Eighth Amendment[.]"  [ECF No. 70 at 1]  Apel counters that material factual disputes preclude summary judgment.  [ECF No. 77]

## II.   Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Hill v. Walker, 737 F.3d 1209, 1216 (8th Cir. 2013).  The movant "bears the initial

---

[2] In response to Defendants' motion for summary judgment, Apel clarifies that Count II "states a cause of action for negligence under Missouri law." [ECF No. 77 at 3]

3

responsibility of informing the district court of the basis for its motion" and must identify "those portions of [the record]...which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant does so, the non-movant must respond by submitting evidentiary materials that set out "specific facts showing that there is a genuine issue for trial." Id. at 324 (quotation marks omitted).

"On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). The court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).

**III.     Discussion**

Defendants assert that they are entitled to summary judgment on all six of Apel's counts because: (1) "inadequate evidence exists to establish [Defendant] County's liability under Monell jurisprudence or its liability as to any state law claim by virtue of Missouri state law principle including especially sovereign immunity"; and (2) "the complained-of action(s) and procedure(s) do not []rise to the level of a violation of the U.S. Constitution's Eighth Amendment[.]" [ECF No. 70 at 1] In response, Apel contends that requiring shackled inmates to traverse stairs was an unconstitutional condition of confinement. [ECF No. 77] Apel also argues that, despite his failure to specify the capacities in which he sued Defendant Wiler, the

Court should interpret the first amended complaint as stating claims against Defendant Wiler in his official and individual capacities. [Id.]

    A.  Claims against Defendant County (Counts I and VI)

Defendant County moves for summary judgment on Apel's Section 1983 claims that Defendant County's unconstitutional policies or custom of (1) escorting shackled prisoners on stairs and (2) denying immediate medical attention violated his rights under the Eighth Amendment. [ECF No. 72]  In response, Apel asserts that the "practice of making prisoners traverse stairs in handcuffs, with their feet chained and their hands strapped to their waist," denied him "the minimal civilized measure of life's necessities" and created a "substantial risk of serious harm." [ECF No. 77 at 6]  Apel does not respond to Defendant County's assertion that there is no evidence of an official policy calling for indifference to a known serious need for medical care.

A municipality may be liable under § 1983 for a violation of an individual's constitutional rights if the violation resulted from:  (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise.[3] City of Canton,

---

[3] In his first amended complaint, Apel broadly alleged that Defendant County had an unconstitutional "policy, procedure, protocol, pattern, custom, and/or practice" of (1) unreasonably and excessively restraining prisoners and (2) inadequately training and supervising employees.  [ECF No. 66]  In its memorandum in support of summary judgment, Defendant County asserts that Apel "has never adduced evidence showing the allegedly unconstitutional action even exists as a policy" or evidence supporting a "training/supervision indifference claim[.]"   [ECF No. 72 at 5]  Defendant County also argues that, to the extent Apel claims Defendant County had a custom of using excessive force in requiring prisoners and inmates to navigate stairs while shackled, Defendant County is entitled to summary judgment because Apel presented no evidence that the force was applied "maliciously and sadistically to cause harm." [Id. at 4]  Plaintiff does not counter these arguments in his response to Defendants' motion for summary judgment. [See ECF No. 77]
    "The 'failure to oppose a basis for summary judgment constitutes waiver of that argument,' because the non-moving party is responsible for demonstrating any genuine dispute of material fact that would preclude summary judgment." Paskert v. Kemna-ASA Auto Plaza,

Ohio v. Harris, 489 U.S. 378, 388 (1989); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). (ECF No. 18 at 32). Where, as here, an unofficial custom allegedly caused the constitutional violation, the plaintiff bears a "heavy burden" to demonstrate: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the municipality's policy-making officials after notice to the officials of the misconduct; and (3) that the plaintiff was injured by acts pursuant to the municipality's custom, meaning that the custom was the moving force behind the constitutional violation. Mick v. Raines, 883 F.3d 1075, 1079-80 (8th Cir. 2018) (citing Corwin v. City of Independence, Mo., 829 F.3d 695, 700 (8th Cir. 2016)).

    1.   Unconstitutional condition of confinement (Count I)

In the first amended complaint, Apel alleged under Section 1983 that Defendant County violated his Eighth Amendment rights pursuant to its custom of escorting prisoners up and down stairs while they are shackled.[4] The Eighth Amendment forbids the "unnecessary and wanton

---

Inc., 950 F.3d 535, 540 (8th Cir. 2020) (quoting Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 735 (8th Cir. 2009)). It is not the Court's "responsibility to sift through the record to see if, perhaps, there was an issue of fact." Satcher, 558 F.3d at 735. See also Rodgers v. City of Des Moines, 435 F.3d 904, 908 (8th Cir. 2006) ("Without some guidance, we will not mine a summary judgment record searching for nuggets of factual disputes to gild a party's arguments."). The Court therefore considers waived Plaintiff's claims of municipal liability based on an allegedly unconstitutional (1) official policy of requiring prisoners to descend stairs while shackled, (2) policy or custom of inadequate training or supervision, and (3) unofficial custom of excessive force in restraining prisoners and inmates.

[4] Apel's first amended complaint also alleged that Defendant County violated his Fourth and Fourteenth Amendment rights. [ECF No. 66] The Fourth Amendment provides protection "against unreasonable searches and seizures." U.S. Const. amend. IV. Apel does not plead facts constituting an unreasonable search and seizure. The Fourteenth Amendment protects pretrial detainees, extending to them "at least the same protections that convicted prisoners receive under the Eighth Amendment." Perry v. Adams, 993 F.3d 584, 587 (8th Cir. 2021). Apel was a convicted prisoner on May 9, 2018, and not a pretrial detainee. The Court will therefore analyze

infliction of pain" constituting cruel and unusual punishment. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). See also Burns v. Eaton, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.") (quotation omitted). To establish that a prisoner's conditions of confinement violate the Eighth Amendment, a prisoner must demonstrate: (1) that the alleged deprivation was "objectively, sufficiently, serious" to result in the "denial of the minimal civilized measure of life's necessities"; and (2) that the defendant whose act or omission caused the alleged constitutional deprivation behaved with "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted). See also Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004). "A prison official is deliberately indifferent if he 'knows of and disregards' a substantial risk of serious harm to an inmate." Reynolds v. Dormire, 636 F.3d 976, 979 (8th Cir. 2011) (citing Farmer, 511 U.S. at 837).

Defendant County does not deny the existence of a custom of shackling inmates and prisoners when escorting them throughout the Pike County Courthouse but asserts that "any such procedure would not violate the Eighth Amendment in any event." [ECF No. 72 at 6] In response, Apel argues generally that "the evidence here shows genuine issues of material fact exist which would preclude summary judgment" on his claim that "the practice of making prisoners traverse stairs in handcuffs, with heir feet chained and their hands strapped to their waist" constituted an unconstitutional condition of confinement. [ECF No. 77 at 6]

Significantly, Apel cites no evidence in the summary judgment record supporting his claim that a condition of incarceration (namely, the use of shackles on stairs) denied him the

---

Apel's complaint pursuant to the Eighth Amendment. See, e.g., Page v. Lincoln Cnty. Sheriff Dep't, No. 4:20-CV-1683 RWS, 2021 WL 842598, at *5 n.2 (E.D. Mo. Mar. 5, 2021).

"minimal civilized measure of life's necessities." Nor does Apel provide authority to support his claim that the practice of requiring inmates and prisoners to descend stairs in shackles constituted a denial of the "minimal civilized measure of life's necessities." In fact, numerous federal courts have held the opposite. See, e.g., Kirby v. Ryan, No. CV 16-1053-PHX-ROS (MHB), 2017 WL 6883772, at *4 (D. Ariz. 2017) (requiring prisoner to descend stairs alone with hands cuffed behind his back did not deprive him of the "minimal civilized measure of life's necessities"); Webb v. Brown, No. 2:15-CV-2081, 2016 WL 5387655, at *3 (W.D. Ark. May 9, 2016) (walking with shackles and inadequate footwear did not deny the plaintiff a "minimal civilized measure of life's necessities"); Denton v. Bala, No. C 13-1374 SI (pr), 2013 WL 2931897, at *3 (N.D. Cal. June 13, 2013) (requiring prisoner to descend stairs with hands cuffed behind back did not deny him a "minimal civilized measure of life's necessities"); Pendergrass v. Hodge, 53 F.Supp.2d 838, 842 (E.D. Va. 1999) (requiring the plaintiff to descend stairs in shackles did not constitute a "'sufficiently serious' deprivation of a basic human need in violation of contemporary notions of decency").[5]

Furthermore, Plaintiff neither pleads facts nor cites evidence in the summary judgment record supporting his claim that Defendant County was deliberately indifferent to his safety. For example, nothing in the summary judgment record suggests that other prisoners or inmates had

---

[5] See also Thornton v. Phillips Cnty., Ark., 240 F.3d 728, 729 (8th Cir. 2001) (no error in dismissing the plaintiff's claims that the defendant county violated his constitutional rights by issuing him a jail jumpsuit that was too long and caused him to trip and fall down the stairs); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("shackling a dangerous inmate in a shower" did not create "a sufficiently unsafe condition" to constitute a violation of the Eighth Amendment); Jones v. Meddly, No. 1:17-CV-109- SAB (PC), 2019 WL 3302358, at * (E.D. Cal. July 23, 2019) (defendant correctional officer was not deliberately indifferent to the plaintiff's safety when the plaintiff "was ascending steep metal stairs, stated his difficulty balancing while shackled, and was wearing flip-flops after showering"); Silva v. Bd. of Cnty. Comm'rs for the Cnty. of Roosevelt, No. 2:15-CV-1046 MCA SMV, 2017 WL 4325769, at *5 (D. New Mexico Sep. 26, 2017) (requiring detainee to exit transport van while shackled did "not amount to a cognizable violation of the Eighth Amendment.").

8

fallen while ascending or descending stairs in shackles. See, e.g., DiLauri v. Mullen, 563 Fed.Appx. 128, 130-31 (3d Cir. 2014) (per curiam) ("Absent evidence of other incidents on the stairway or evidence that the risk of harm presented by the stairway was 'so great and obvious,' there is no issue of fact for a jury as to whether the policy created an unreasonable risk of Eighth Amendment injury."); Gray v. Warm Springs Corr. Ctr., No. 2:13-CV-901-RCJ-VCF, 2013 WL 4774632, at *4 (D. Nev. Sep. 4, 2013) (dismissing section 1983 claim because the plaintiff "pleads no facts indicating that any defendant was aware of an excessive risk that Plaintiff would fall down the stairs, e.g., based upon past incidents."). Cf. Reynolds, 636 F.3d at 980 (plaintiff stated a claim for unconstitutional conditions of confinement where he alleged that other prisoners had fallen into the sally-port pit while exiting a transport van in shackles). To the contrary, the summary judgment record contains the affidavits of Defendants Korte and Wiler, who each declared that they had no knowledge of any other prisoner or inmate falling on stairs while shackled. [See ECF Nos. 71-1 at ¶ 7, 71-2 at ¶ 5] "[R]equiring an inmate to descend stairs while he is wearing restraints, without more facts showing deliberate indifference, does not equate to a civil rights violation." Staunton v. Harrington, No. 19-408 JAO-RT, 2020 WL 129088, at *5 (D. Hawaii, Jan. 10, 2020) (citing Gray, 2013 WL 4774632, at *4).

Viewing the facts in the light most favorable to Apel, the complained of condition of confinement does not rise to the level of a deprivation of a "minimal civilized measure of life's necessities" and deliberate indifference to his safety. Because Apel failed to demonstrate a genuine issue for trial as to whether Defendant County violated his rights under the Eighth Amendment, Defendant County is entitled to summary judgment on Count I.

2. Deliberate indifference to a serious medical need (Count VI)

Defendant County also seeks summary judgment on Apel's Section 1983 claim that its alleged failure to provide immediate medical care after Apel's fall constituted deliberate indifference to an objectively serious medical need.  More specifically, Defendant County maintains that it is entitled to summary judgment because Apel failed to demonstrate that Defendant County had either an "official policy calling for indifference to a known serious need for medical care" or a "custom or [ ] pattern (as to deficient training/supervision) of doing so[.]" [ECF No. 72 at 13]   Defendant County further argues that:  (1) the undisputed evidence establishes that Apel did not have an objectively serious medical need; and (2) Apel provided no medical evidence that the alleged delay in treatment resulted in injury.

Apel does not respond to Defendant County's argument for summary judgment on his claim for deliberate indifference to a serious medical need.  "[T]he Eighth Circuit has recognized that the failure to oppose a basis for summary judgment constitutes a waiver of that argument." Wegman v. Ethicon, Inc., No. 4:20-CV-704 JAR, 2020 WL 6680893, at *3 (E.D. Mo. Nov. 12, 2020) (citing Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 735 (8th Cir. 2009)). "Likewise, district courts have repeatedly held that when a non-moving party fails to respond to a motion for summary judgment with respect to certain claims or arguments, that party is deemed to have abandoned the claims and waived the arguments." Id. (citing Katoch v. Mediq/PRN Life Support Servs., Inc., No. 4:04-CV-938 CAS, 2006 WL 516843, at *15 (E.D. Mo. Mar. 2, 2006); United States v. NHC Health Care Corp., 163 F. Supp.2d 1051, 1058-59 (W.D. Mo. 2001)).  Because Apel failed to oppose Defendant County's motion with respect to his deliberate indifference claim, Apel effectively abandoned his Count VI.

Even if Apel had not abandoned his claim that Defendant County was deliberately indifferent to an objectively serious medical need, this count would fail on the merits.  To

10

establish deliberate indifference, a plaintiff must show that (1) he suffered an objectively serious medical need and (2) the defendants knew of the need but deliberately disregarded it. Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004). "Deliberate indifference is more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Fourte v. Faulkner Cty., Ark., 746 F.3d 384, 387 (8th Cir. 2014) (internal quotations and citations omitted). Where, as here, the defendant is a local government, to survive summary judgment, a plaintiff must also allege facts that support the existence of (1) a policy or custom of the governmental entity that (2) caused a violation of the plaintiff's constitutional rights. See Monell, 436 U.S. at 694; Granda v. City of St. Louis, 472 F.3d 565, 568 (8th Cir. 2007).

Apel failed to demonstrate a genuine dispute as to the existence of an official policy because he presents no evidence that Defendant County instituted policies or procedures that promote deliberate indifference. See Jenkins v. Cnty. of Hennepin, Minn., 557 F.3d 628, 633 (8th Cir. 2009). Nor has Apel demonstrated a genuine issue of fact as to the existence of an official custom because nothing in the summary judgment record suggests the existence of a continuing, widespread, persistent pattern of denying prisoners and inmates immediate medical attention for serious medical needs. See e.g., Nelson v. Stuart, No. 11-2143 (DSD/TNL), 2014 WL 4749180, at *20 (D. Minn. Sep. 24, 2014). The Court therefore grants Defendant County summary judgment on Apel's Count VI.

B.  Claims against Defendants Wiler (Counts II, III, IV) and Korte (Count V)

Defendants Wiler and Korte urge the Court to grant them summary judgment on Apel's claims against them, arguing that claims against government officers in their official capacities are essentially claims against the employing governmental entity, in this case, Defendant County.

Defendants Wiler and Korte assert that Apel's claims against them fail for the same reasons as his claims against Defendant County – namely, Apel's failure to present evidence of an unconstitutional policy or custom.  [ECF No. 72]  In response to Defendants' arguments, Apel asserts that:  (1) he sued Defendant Wiler in his individual capacity[6]; and (2) "the evidence shows genuine issues of material fact exist which preclude summary judgment" on Apel's Section 1983 claims against Defendants Korte and Wiler.[7]  [ECF No. 77 at 6]

As an initial matter, the Court considers whether Apel sued Defendant Wiler in his individual and/or official capacity.  Apel acknowledges that "the word 'individually' may be missing" from the first amended complaint, but he urges the Court not to apply "an obscure pleading rule meant to imply meaning when none is stated." [ECF No. 77 at 5]  Apel asserts that "Count II is clearly based on the individual breach of duty by Christopher Wiler and is thus a personal capacity claim."  [Id. at 4]  Apel further contends, without citation to authority, that he adequately communicated his intent to sue Defendant Wiler individually because Apel's counsel "sent counsel for the Defendants an email asking if he would accept service for [Defendant] Wiler." [Id. at 5]

The Eighth Circuit "require[s] a 'clear statement' or a 'specific pleading' indicating that the plaintiffs are suing the defendants in their individual capacities." Remington v. Hoopes, 611 Fed. Appx. 883, 885 (8th Cir. 2015) (per curiam).  If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant," a court will "interpret the complaint as including only official-capacity claims."  Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007) (quoting

---

[6] Apel does not challenge Defendants' assertion that he sued Defendant Korte in his official capacity only.

[7] Apel does not oppose Defendants' argument for summary judgment on his claim of "wanton and willful" misconduct in Count IV.  The Court therefore finds that Apel abandoned that claim and grants Defendant Wiler summary judgment on Apel's Count IV.  See, e.g. U.S. v. NHC Health Care Corp., 163 F.Supp.2d 1051, 1059 (W.D. Mo. 2001).

Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995)).  The Eighth Circuit adopted the "clear statement" requirement "[b]ecause section 1983 liability exposes a public servant to civil liability and damages, … [and] only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants."  Remington, 611 Fed.Appx. at 885 (quoting Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999)).  "Thus, when a plaintiff's complaint is silent or otherwise ambiguous about the capacity in which the plaintiff is suing the defendant, our precedent requires [the] presum[ption] that the plaintiff brings suit against the defendants in only their official capacities."[8]  Id.; see also Kelly v. City of Omaha, Neb., 813 F.3d 1070, 1075 (8th Cir. 2016) ("Because [the plaintiff's] complaint does not include an 'express statement' that she is suing the individual defendants in their individual capacities, we consider her suit to be 'against the defendants in their official capacity.'"); Zajrael v. Harmon, 677 F.3d 353, 355 (8th Cir. 2012) (where the amended complaint "does not specifically name the defendants in their individual capacities, we presume that he sued them only in their official capacities.").

In the first amended complaint, Apel added Defendant Wiler and re-pleaded his count against Defendant Korte without alleging the capacity in which he sued them.  Because the first amended complaint lacks a clear statement relating to the capacity in which Apel sued Defendants Wiler and Korte, the Court considers his pending claims pursued against them in their official capacities only.  See, e.g., Baker, 501 F.3d at 923.  To the extent Plaintiff seeks leave to file a second amended complaint at this late stage in the litigation, the Court denies leave

---

[8] In regard to Apel's suggestion that the Eighth Circuit's stringent pleading rule applies primarily to pro se plaintiffs, and not plaintiffs who, like him, are represented by counsel, it is well-established that courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers."  Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

13

on the ground that it would cause undue prejudice to Defendant Wiler.[9]  See, e.g., Reuter v. Jax Ltd., Inc., 711 F.3d 918, 922 (8th Cir. 2013) ("A district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.") (quotation omitted).

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."  Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010) (official capacity claims are properly dismissed as duplicative of claims against the city).  See also Monell, 436 U.S. at 690 n. 55.  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." Johnson, 172 F.3d at 535.  See also Brewington v. Keener, 902 F.3d 796, 800 (8th Cir. 2018) (official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); Kelly, 813 F.3d at 1075 ("plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer").  "Official-capacity claims are properly dismissed where they are redundant of claims asserted against the officer's governmental employer." Perkins v. Frye, No. 20-CV-1433 HEA, 2020 WL 7263533, at *3 (E.D. Mo. Dec. 10, 2020)

---

[9] In his memorandum in response to Defendants' motion for summary judgment, Apel states: "If the Court were to rule that [Defendant] Wiler was only named in his official capacity, then Plaintiff must have the opportunity to replead."  [ECF No. 77 at 5]  However, the deadline for amending the pleadings was December 2019 and trial in this case is set for July 2021.  [ECF Nos. 27 & 48]  Furthermore, Apel has not moved to amend or submitted a proposed amended complaint.  See Fed. R. Civ. P. 15(a)(2); Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002) ("A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading."); Clayton v. White Hall Sch. Dist., 778 F.2d 457, 460 (8th Cir. 1985) (the district court did not abuse its discretion in failing to grant leave to amend where the plaintiff "merely concluded her response to the [defendant]'s motion to dismiss with a request for leave to amend" and did not submit a proposed amendment along with her motion).

(citing Caruso v. City of St. Louis, No. 4:16-CV-1335 RWS, 2016 WL 6563472, at *1 (E.D. Mo. Nov. 4, 2016)).

Apel's Section 1983 claims against Defendants Wiler and Korte for an unconstitutional condition of confinement are duplicative of his municipal liability claims against Defendant County in Count I.  As previously discussed, Apel presents no evidence of an unconstitutional policy or custom.  The Court therefore dismisses Apel's official capacity claims against Defendants Wiler (Count III) and Korte (Count V).  See, e.g., Brooks v. City of St. Louis, No. 4:17-CV-981 RLW, 2018 WL 346450, at *1-2 (E.D.Mo. Jan. 8, 2018).

Apel's remaining count – Count II for "breach of ministerial" duty against Defendant Wiler – states a claim for negligence under Missouri law.  The sole basis for the Court's jurisdiction over the negligence claim is 28 U.S.C. § 1367(a), which permits a district court to exercise supplemental jurisdiction over claims that are part of the same case or controversy as the federal claims falling within the district court's original jurisdiction.  However, a district court may, in its discretion, decline to exercise supplemental jurisdiction when "all claims over which it has original jurisdiction" have been dismissed. 28 U.S.C. § 1367(c)(3); Lindsey v. Dillard's, Inc., 306 F.3d. 596, 598–99 (8th Cir. 2002); Thomas v. Dickel, 213 F.3d. 1023, 1026 (8th Cir. 2000).  In these circumstances, district courts ordinarily dismiss the state law claims without prejudice "to avoid needless decisions of state law ... as a matter of comity." Gregoire v. Class, 236 F.3d 413, 419 (8th Cir. 2000) (alteration in original) (quoting ACLU v. City of Florissant, 186 F.3d 1095, 1098-99 (8th Cir. 1999)).

Having determined that Defendants are entitled to summary judgment on Apel's other claims, the Court declines, in the interest of justice and judicial economy, to exercise supplemental jurisdiction over Apel's remaining state law negligence claim.  See 28 U.S.C. §

15

1367(c)(3); ); Ivy v. Kimbrough, 115 F.3d 550, 552-53 (8th Cir. 1997) ("In most cases, when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the pendent state claims are dismissed without prejudice to avoid needless decisions of state law as a matter of comity and to promote justice between the parties.") (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  The Court therefore dismisses Apel's Count II without prejudice.

### IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [ECF No. 70] is **GRANTED** as to Apel's Counts I, III, IV, V, VI, and these claims are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Apel's Count II is **DISMISSED** without prejudice pursuant to 28 U.S.C. 136(c)(3).

A separate judgment in accordance with this Order and Memorandum is entered this same date.

                                                PATRICIA L. COHEN
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of May, 2021